CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

May 31, 2024
LAURA A. AUSTIN, CLERK
BY:
s/A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ROBERT EARL DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:23cv00790 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| TODD MULKY, *et al.,* | ) | By:   Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendants. | ) | |

Plaintiff Robert Earl Davis, a Virginia inmate proceeding *pro se,* filed this civil action under 42 U.S.C. § 1983, against Officer Todd Mulky, Major Rick Albrook, Captain Randy Mullins, and the Southwest Virginia Regional Jail Authority ("Jail Authority"). Having reviewed Davis's complaint, the court concludes that Davis fails to state a cognizable federal claim against any of the named defendants. Therefore, the court will dismiss Davis's complaint under 28 U.S.C. § 1915A(b)(1).

## I.

Davis alleges that, on one occasion while he was an inmate at the Jail Authority's Tazewell, Virginia facility, jail officials opened his legal mail "without [him] being present." (ECF No. 1 at 3.) Davis claims he reported this incident to officials at the facility, but that they did not promptly respond to his complaint. Initially, he says he "never received a response" regarding his concerns about the "opening of [his] legal mail." (*Id.*) Within a week, however, Davis admits that, in response to his report, Captain Randy Mullins acknowledged that Officer Mulky "did open [Davis's] legal mail by mistake and immediately brought it to [Davis]." (*Id.* at 4.) Davis argues that, "mistake or not[,] the fact is [Officer Mulky] opened [his] legal mail

without [him] being present." (*Id.*) Davis filed suit in this court on December 7, 2023, and as relief, Davis seeks $275,000 in damages and Officer Mulky's termination.

## II.

To the extent which Davis alleges that Officer Mulky, Major Albrook, and Captain Mullins opened his legal mail on one occasion, his allegations fail to state a claim under § 1983.

The First Amendment, as incorporated through the Fourteenth Amendment, prohibits states from "abridging the freedom of speech." U.S. Const. amend. I. As a corollary, prisoners have the right to send and receive mail. *See Thornburgh v. Abbott*, 490 U.S. 401, 408 (1974). Mail between prisoners and legal counsel receives additional protections, as "opening an incarcerated person's legal mail outside of his presence can chill protected speech." *Haze v. Harrison*, 951 F.3d 654, 658 (4th. Cir. 2020); *see also Davis v. Goord*, 320 F.3d 346, 351 (2nd Cir. 2003) (collecting cases) ("In balancing the competing interests implicated in restrictions on prison mail, courts have consistently afforded greater protection to legal mail than to non-legal mail"). Accordingly, legal mail must be opened in front of the inmate because it "insures that prison officials will not read the mail," *Wolff v. McDonnell*, 418 U.S. 539, 577 (1974), and thus protect the inmate's important constitutional rights.

But isolated incidents of mail mishandling (including of legal mail), while not to be condoned, do not rise to the level of a constitutional violation. *See Buie v. Jones*, 717 F.2d 925, 926 (4th Cir. 1983) (A "few isolated instances of plaintiff's [legal] mail being opened out of his presence" that were "either accidental or the result of unauthorized subordinate conduct . . . were not of constitutional mandate."); *Davis*, 320 F.3d at 351 ("[A]n isolated incident of mail tampering is usually insufficient to establish a constitutional violation."); *Gardner v. Howard*,

109 F.3d 427, 430−31 (8th Cir. 1997) (noting that isolated, inadvertent instances of legal mail being opened outside of an inmate's presence are not actionable). To establish a valid § 1983 claim for legal mail mishandling, inmates must generally demonstrate actual harm to their ability to communicate with the court or counsel as a result. *See Wilson v. United States*, 332 F.R.D. 505, 525 (S.D. W. Va. 2019) ("In order to state a claim based upon prison mailroom procedures, an inmate must generally show that the procedures resulted in actual harm or prejudice to [his] ability to communicate with a court or counsel."); *see also Scott v. Bristol City Jail*, No. 7:10cv00379, 2010 WL 4449555, at *1 (W.D. Va. Oct. 29, 2010) (citing *Lewis v. Casey*, 518 U.S. 343, 351 (1996) ("Although mail handling procedures may under certain circumstances give rise to a claim if they result in actual harm or prejudice to an inmate's ability to communicate with the court or counsel, Scott has not alleged that he has been harmed or prejudiced in any way.").

Davis's allegations here are insufficient to state a claim under § 1983. Although he alleges that his legal mail was opened out of his presence, the isolated nature of this incident does not give rise to an actionable claim.[1] Davis also fails to provide any evidence of actual harm that resulted from the mishandling of his legal mail. As such, the court cannot conclude that these defendants violated Davis's constitutional rights with regard to his mail.[2]

---

[1] Without further information from Davis, it is unclear whether the Sixth Amendment of the U.S. Constitution is implicated here because that Amendment's reach "is only to protect the *attorney-client* relationship from intrusion in the *criminal* setting." *Wolff*, 418 U.S. at 576 (emphasis added). Likewise, Davis's sparse allegations are insufficient to establish an "access-to-courts" claim because his factual allegations, taken as true, would not establish that the opening of his legal mail on one occasion hindered his efforts to pursue a nonfrivolous legal claim. *See Lewis v. Casey*, 518 U.S. 343, 351−53 (1996); *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (noting that, to state a claim for violation of one's right of access to the courts, "[a] prisoner must also identify an actual injury resulting from official conduct").

[2] To the extent Davis's allegations could be liberally construed to assert that any defendants interfered with his access to the grievance process, any such allegations would also fail to state a claim. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such

## III.

To the extent that Davis seeks to pursue this action against the Jail Authority, his allegations also fail to state a valid claim. Therefore, the court will dismiss the claims against the Jail Authority under 28 U.S.C. § 1915A(b)(1).

Generally, claims under § 1983 only lie against legal entities that are considered "person[s]" subject to suit. *See McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992) (holding that a jail "is not an individual, a corporation, a partnership, or an unincorporated association. Therefore, it lacks the capacity to be sued as a jail."). But "local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 690 (1978). A governmental entity, such as a regional jail authority, is liable under § 1983 only when the entity itself is a "moving force" behind the deprivation. *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981). That is, the entity's official policy or custom must have played a part in the alleged violation of federal law. *Oklahoma City v. Tuttle*, 471 U.S. 808, 817–18 (1985).

Davis does not allege that the Jail Authority's official policies or customs were responsible for the violations or injuries he allegedly suffered. To the contrary, Davis asserts that the official jail policy from the prisoner handbook *prohibits* the conduct at issue, and

---

procedure voluntarily established by a state."); *see also Brown v. Va. Dep't of Corr.*, No. 6:07-CV-00033, 2009 WL 87459, at *13 (W.D. Va. Jan. 9, 2009) ("[T]here is no liability under § 1983 for a prison administrator's response to a grievance or appeal.")

instead bases his complaint on a prison official's mistake.[3] Accordingly, the court cannot find that Davis's allegations state a viable § 1983 claim against the Jail Authority.

## IV.

For the reasons discussed, the court will dismiss Davis's complaint for failure to state a claim under § 1915A(b)(1).

The Clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to Davis.

**ENTERED** this 31st day of May, 2024.

/s/ Thomas T. Cullen
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE

---

[3] A violation of jail policy is not sufficient to provide a basis for a § 1983 claim. *See Fortune v. Clarke*, No. 7:19-cv-00481, 2020 WL 5649730, at *3 (W.D. Va. Sept. 22, 2020) (citing *United States v. Caceres*, 440 U.S. 741, 752−55 (1978)) ("A claim that prison staff did not follow jail policies or procedures . . . does not state a constitutional claim."); *see also Chennault v. Mitchell*, 923 F. Supp. 2d 765, 781 (E.D. Va. 2013) ("[A] violation of jail policies alone fails to provide a cause of action under 42 U.S.C. § 1983.")